IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YITING CHEN and FANMEI KONG,

    Plaintiffs,
vs.

RICHARD H. SMITH and MARY McDONALD
SMITH, husband and wife,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiffs, Yiting Chen and Fanmei Kong (collectively "plaintiffs") sues the defendants, Richard H. Smith and Mary McDonald Smith, husband and wife (collectively "defendants") for damages and demands a trial by jury regarding all issues so triable as follows.

## JURSIDICTIONAL AND VENUE ALLEGATIONS

1.    This is a cause of action for damages and is subject to the Court's jurisdiction through diversity of citizenship pursuant to 28 U.S.C.A. § 1332(a) (1-4) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00); exclusive of attorneys' fees, costs and related expenses and the parties are located in different states.

2.    Plaintiffs reside in the Southern District of Florida; Miami Division in the building commonly known as the ICON Condominium at the address of 450 Alton Road, Unit 2810, Miami Beach, Florida 33139 (hereinafter "the plaintiffs' property").

3.    The defendants reside in the State of Michigan and are the owners of certain residential property also located in the ICON Condominium at the address of 450 Alton Road, Unit 2910, Miami Beach, Florida 33139 (hereinafter "the defendants' property").

4.    Venue properly lies in the Southern District of Florida, Miami Division, because the parties are either located or doing business in The Southern District of Florida through their

respective ownership interest in units located in the ICON Condominium and because the parties maintain their principal place of residences in different states.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. The plaintiffs and the defendant, as owners of their respective units located within the ICON Condominium Building, are subject to and agree to be bound by the association's governing documents at the time that each of the parties obtain title to their respective units located within the building of the condominium. The governing documents are collectively attached hereto as **EXHIBIT "A"**.

6. The governing documents provide, in part, as follows:

*******************

**7. Maintenance and Repairs**.

**7.1 Units and Limited Common Elements**. All maintenance, repairs and replacement of, in or to any Unit and Limited Common Elements appurtenant thereto, whether structural or nonstructural, ordinary or extraordinary, foreseen or unforeseen, including, without limitation, maintenance, repairs and replacement of windows, window coverings, interior nonstructural walls, the interior side of any entrance door and all other doors within or affording access to a unit and the electrical (including wiring), plumbing (including fixtures and connections), heating and air conditioning equipment, fixtures and outlets, appliances, carpets and other floor coverings, all interior surfaces and the entire interior of the unit lying within the boundaries of the unit or the limited common elements or other property belonging to the unit owner shall be performed by the owner of such unit at the unit owner's sole cost and expense, except as otherwise expressly provided to the contrary herein.

**7.3 Specific Unit Owner Responsibility**. The obligation to maintain and repair any air conditioning equipment, plumbing or electrical fixtures or other items of property which service a particular unit or units ( to the exclusion of other units) shall be the responsibility of the applicable unit owners, individually, and not the association, without regard to whether such items are included within the boundaries of the units.

*****************

**18. Compliance and Default**. The association, each unit owner, occupant of a unit, tenant and other invitee of a unit owner shall be governed by and shall comply with the terms of this declaration and all exhibits annexed thereto, the master covenants, and the rules and regulations adopted pursuant to those documents as the same may be amended from time to time and the provisions of all such documents shall be deemed incorporated into any lease of a unit whether or not expressly stated in such lease. The association (and unit owners, if appropriate) shall be entitled to the following relief in addition to the remedies provided by the act.

*Chen adv. Smith*
*Case No.:*

**18.2** **<u>Negligence and Compliance</u>**.  A unit owner. . .shall be liable for the expense of any maintenance, repair or replacement made necessary by his negligence or by that of any member of his family or his or their guests. . ..

*********************

7.On or about July 12, 2020, the ICON Condominium filed an insurance claim with its insurance company.  There, it was reported to the building that the defendants were not present in the defendants' property and permitted the defendants property to remain vacant.  During the time that the defendants were (i) not present in the defendants' property and (ii) permitted the defendants' property to be vacant and unattended to, the defendants' property had a leaky water supply line in the guest bathroom of the defendants' property.  The occurrence resulted in ensuing damages to other properties; the most severe of which were sustained to the plaintiffs' property.

8.The plaintiffs retained a public adjuster as well as a contents professional to determine the scope and extent of the damages to the plaintiffs' real property and personal effects arising from the occurrence.

9.The plaintiffs' public adjuster incorporated all such damages into an estimate; a copy of which is attached hereto as **EXHIBIT "B"**.  The estimate provides that the total damages sustained to the plaintiffs' real property, personal effects, and the loss of use during the period of restoration of the plaintiffs' property is in excess of Two Hundred and Seventy-Three Thousand Dollars ($273,211.54).

10.All conditions precedent has been met or has otherwise been waived and/or satisfied.

<u>**COUNT I—NEGLIGENCE**</u>

11.Plaintiffs readopts and reincorporates the allegations contained in Paragraphs 1 through 10, inclusive, as if specifically incorporated herein.

12.This is a cause of action sounding in negligence against the defendants.

13.The defendants had a duty arising from (i) the governing documents; (ii) common law and (iii) the statutory framework of Chapter 718, Florida Statutes, to properly maintain the

defendants' property to ensure, in part, that the defendant's property would be free from defects to ensure that other properties, including the plaintiffs' property, would not sustain ensuing and resulting damages.

14. The defendants' breached their duty of care and were negligent in maintaining the defendants' property.

15. As a direct and proximate result of such negligence, the plaintiffs sustained damages.

**WHEREFORE**, Plaintiffs demands the entry of a judgment against the Defendants for damages arising out of the Defendants' negligence and further demands any further relief that the Court deems fair, just, and equitable.

### COUNT II—CLAIM FOR DAMAGES AS PER FLORIDA STATUTE SECTION 718.303

16. Plaintiff readopts and reincorporates the allegations contained in Paragraphs 1 through 10, inclusive, as if specifically incorporated herein.

17. This is as cause of action sounding in a claim for damages as per Florida Statute Section 718.303(1) against the defendants.

18. Florida Statute Section 718.303(1)—obligations of owners and occupants; remedies—states, in part, as follows:

------------------

Each unit owner, each tenant and other invitee, and each association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws. . ..actions for damages  or for injunctive relief, or both, for the failure to comply with these provisions may be brought . . ..by a unit owner against a unit owner. . . ..

A unit owner prevailing in an action between the association and the unit owner under this section, in addition to recovering his or her reasonable attorney's fees, may recover additional amounts as determined by the court to be necessary to reimburse the unit owner for his or her share of assessments levied by the association to fund its expenses of the litigation. This relief does not exclude other remedies provided by law. Actions arising under this subsection may not be deemed to be actions for specific performance.

*Chen adv. Smith*
*Case No.:*

19. The Defendants were required to maintain their vacant property and repair any issues associated with their vacant property as per the governing documents and Chapter 718, Florida Statutes and failed to do so.

20. As a direct and proximate result of this conduct, the Plaintiffs sustained damages.

### DEMAND FOR ATTORNEYS FEES, COSTS AND EXPENSES

21. Plaintiff demands prevailing party attorneys' fees, costs and expenses as per Florida Statute Section 718.303.

**WHEREFORE,** Plaintiffs request the entry of a judgment against the Defendants for the violation of the governing documents and 718.303 and further demands any further relief, including reasonable attorneys' fees, costs and expenses, that the Court deems fair, just and equitable.

### DEMAND FOR TRIAL BY JURY

22. Plaintiff demands the right to a trial by jury regarding all issues so triable.

*Chen adv. Smith*
*Case No.:*

Dated this 25th day of January, 2021.

                                                    Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. FEDERAL HWY, SUITE 339
Fort Lauderdale, Florida 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

        -and-

OMID JOHN, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 205-4247
Fax: (954) 462-8342
esq@omidjohn.com

By:    /s/ *Geoffrey Ittleman*
        Geoffrey D. Ittleman, Esq.
        Fla. Bar No.: 377790