United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Yiting Chen and Fanmei Kong, Plaintiffs, <br><br> v. <br><br> Richard H. Smith and Mary McDonald-Smith, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 21-20307-Civ-Scola <br> ) <br> ) <br> ) |

### Order

    This matter is before the Court upon the Plaintiff's notice of compliance with Court order and memorandum of law in support. (ECF No. 20.) On April 9, 2021, the Court ordered the Plaintiff to demonstrate to the Court that substitute service on the Defendants was properly made pursuant to "Chapter 48.161, 48.171, 48.181, 48.081, or 48.19 Florida Statutes," as stated by the Plaintiffs in their affidavit of service. (ECF No. 18.) The Plaintiffs timely responded to the Court's order, explaining substitute service was made pursuant to Fla. Stat. 48.181, the statutory provision detailing the process for service on nonresidents engaging in business in Florida. In their filing, the Plaintiffs state that substitute service is justified because the Defendants are "residents of any other state . . . [who] operate, conduct, engage in, or carry on a business or business venture in the state." Fla. Stat. 48.181(1). In support of their position, the Plaintiffs cite *Labbee v. Harrington*, 913 So. 2d 679 (Fla. 3d DCA 2005). The Plaintiffs contend that because the Defendants are Michigan residents who purchased residential property in Florida, and because during the pendency of this lawsuit they listed for sale and sold such property, they have committed a "clear and single act of dealing in property" which "is sufficient to trigger application of Section 48.181." (ECF No. 18, at 5.)

    Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pyure Brand, LLC v. Nascent Health Science, LLC*, 18-23357-Civ, 2019 WL 7945231, at *2 (S.D. Fla. March 5, 2019) (Ungaro, J.). Therefore, the Court is required to determine that the Defendants have been properly served as part of its jurisdictional analysis.

    Upon review of the authorities, the Court disagrees with the Plaintiffs' reading of *Labbee* and Section 48.181. Indeed, in *Labbee* the Third District Court of appeals held that a "single act for profit can amount to a business venture" but

specified that "doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, *or doing a single act for such purpose with the intention of thereby initiating a series of such acts*." *Id.* at 683 (emphasis added). For instance, in *Labbee*, the Court held that service under Section 48.181 was justified because the defendant owned property in Florida for the *purpose of renting it to others for profit*, and ultimately sold that *investment* property to Labbee, and therefore was engaged in a business venture in the state sufficient to be subject to service pursuant to Section 48.181. *Id.* Similar allegations are not present here. The other cases relied on by Plaintiff fare no better. *State ex rel. Weber v. Register*, 67 So. 2d 619, 620 (Fla. 1953) (finding listing of citrus grove for sale was a business venture); *Wm. E Strasser Const. Corp. v. Linn*, 97 So. 2d 458, 460 (Fla. 1957) (finding property owners engaged in business venture where they acquired land and subsequently executed a construction contract with the intent of initiating and engaging in a business venture).

The Plaintiffs' complaint lacks any allegations that the Defendants' property in Miami was an investment or rental property or that it was somehow connected to a business venture, but the Plaintiffs nonetheless ask this Court to take an extraordinarily expansive reading of Section 48.181. (*See* ECF No. 1, at ¶ 3 ("The defendants . . . are the owners of certain *residential* property.") (emphasis added).) Under the Plaintiffs' reading of the statute, the mere purchase, listing for sale, or sale of a residential property in Florida would justify service on a defendant pursuant to Section 48.181 due to that defendant purportedly engaging in business in the state. Put another way, any nonresident property owner, without more, would be subject to service under Section 48.181. The Court declines to adopt the Plaintiffs' expansive reading of this statute, particularly where "statutes governing substituted service of process must be strictly construed and strictly complied with." *Panter v. Werbel Roth Secs., Inc.*, 406 So. 2d 1267 (Fla. 4th DCA Dec. 9, 1981). Florida has a statute dealing with substitute service of process on a nonresident, that statute is Section 48.161, not Section 48.181.

The Court therefore finds that service of process pursuant to Section 48.181 is not proper. As the Plaintiffs' complaint was filed on January 25, 2021, the Plaintiffs have until April 26, 2021 to properly serve the Defendants, provided the Plaintiffs have not already properly served the Defendants pursuant to the Federal Rules of Civil Procedure or pursuant to another provision of Florida law. Should the Plaintiffs be unable to serve the Defendants, the Plaintiffs may move the Court for additional time to serve the Defendants—upon a showing of good cause—pursuant to Federal Rule 4(m). Consistent with this order, the Court **strikes** the Plaintiffs' affidavits of service (**ECF Nos. 14, 17, 18**.)

**Done and ordered** in Miami, Florida, on April 14, 2021.

_____
Robert N. Scola, Jr.
United States District Judge